NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

AMRO SEHAIM,

        *Petitioner*,

   v.

LUIS SOTO, *et al*.,

        *Respondents*.

Civil Action No. 26-cv-02829

**MEMORANDUM OPINION AND ORDER**

May 8, 2026

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Amro Sehaim ("Petitioner"). (ECF No. 1.) For the reasons set forth below, the Court concludes that Petitioner's bond hearing comported with due process and fundamental fairness, and the Petition is **DENIED**.

## I.    BACKGROUND

Petitioner filed the instant habeas petition on March 18, 2026, challenging the constitutionality of his continued detention following the denial of bond by an Immigration Judge pursuant to 8 U.S.C. § 1226(a). (ECF No. 1.) Petitioner principally argues that the Immigration Judge improperly shifted the burden of proof to him and relied upon an unadjudicated police report in finding that he posed a danger to the community. (*Id*.)

On March 20, 2026, this Court entered a Text Order directing Respondents to address whether Petitioner's February 10, 2026 bond hearing satisfied due process and fundamental fairness, including the allocation of the burden of proof. (ECF No. 2.)

Respondents filed their response on March 27, 2026, together with the transcript of the February 10, 2026 bond hearing and supporting DHS evidence.  (ECF No. 4; ECF No. 4-1; ECF No. 4-2.)  Petitioner filed a reply on April 1, 2026.  (ECF No. 7.)

## II.      **JURISDICTION**

This Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of due process.  *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

## III.     **DISCUSSION**

After review of the parties' submissions and consideration of the bond hearing transcript, this Court concludes that Petitioner has not shown that his bond hearing was fundamentally unfair.

In a fundamentally fair bond hearing, due process has three essential elements.  The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests." *Ghanem*, 2022 WL 574624, at *2.

The record demonstrates that Petitioner received all three procedural protections. Petitioner appeared before Immigration Judge Shana Chen on February 10, 2026 for an individualized custody redetermination hearing.  (ECF No. 4-1 at 1-11.)  An Arabic interpreter was secured for the proceeding, and Petitioner was represented by counsel throughout the hearing. (*Id*. at 3-5.)

Petitioner's counsel presented arguments and evidence on Petitioner's behalf.  Counsel advised the Immigration Judge that Petitioner had resided in the United States since 2018, was the

father of three United States citizen children, maintained stable employment, and had reconciled with his spouse following the domestic violence incident underlying the pending criminal matter. (*Id*. at 5-6.)  Counsel further represented that Petitioner's wife wished for him to return home, that she had declined to pursue protective measures, and that Petitioner had substantial community support and employment prospects if released.   (*Id*.) Counsel also submitted supporting documentation, including incident reports, letters of support, and information concerning Petitioner's criminal proceedings.  (*Id*.)

The Government likewise presented argument and evidence.  The Government relied upon municipal court records and police reports indicating that Petitioner allegedly punched and kicked the victim during a domestic violence dispute, causing visible swelling and injuries.  (*Id*. at 6-7.) The Government further argued that the criminal matter remained pending and that the evidence supported a finding that Petitioner posed a danger to the community.  (*Id*.)

Petitioner's counsel was afforded an opportunity to rebut the Government's arguments and did so. (*Id*. at 7.)  Counsel emphasized Petitioner's remorse, asserted that the incident was isolated, and represented that Petitioner was willing to participate in anger management or counseling if necessary. (*Id*.)

Following the parties' presentations, Immigration Judge Chen rendered an individualized determination on the record.  (*Id*. at 8-10.)  The Immigration Judge expressly acknowledged Petitioner's ties to the community, his employment history, and the presence of his three United States citizen children. (*Id*.)  The Immigration Judge nevertheless concluded that Petitioner had "not met his burden of proving that he would not pose a danger to the community." (*Id*. at 8.)  In reaching that conclusion, the Immigration Judge specifically discussed the contents of the police report, including observations of swelling and bruising to the victim, allegations that the victim

fled the residence to escape further harm, and the fact that the parties' children were present during the incident. (*Id*. at 6-7.) The Immigration Judge further explained why she was not persuaded that reconciliation between Petitioner and his spouse alleviated concerns regarding dangerousness. (*Id*. at 8.)

Petitioner argues that the Immigration Judge improperly shifted the burden of proof to him and improperly relied upon an unadjudicated police report. (ECF No. 1 ¶¶ 27-32, 60-63; ECF No. 7.) However, Petitioner's arguments do not establish that the hearing itself was fundamentally unfair.

As Respondents correctly note, the Immigration Judge's allocation of the burden was consistent with governing authority applicable to detention under § 1226(a). *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018).

To the extent Petitioner challenges the Immigration Judge's weighing of the police report and other evidence, those arguments concern discretionary determinations that this Court lacks jurisdiction to revisit in habeas review. *See* 8 U.S.C. § 1226(e); *Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order."). The record reflects that the Immigration Judge considered both favorable and unfavorable evidence, heard argument from both parties, and articulated specific reasons for denying bond. (ECF No. 4-1.)

This Court does not express any opinion as to whether Immigration Judge Chen reached the correct substantive determination regarding dangerousness. Rather, the question before this Court is limited to whether Petitioner received a constitutionally adequate and fundamentally fair hearing. The record compels the conclusion that he did.

Petitioner received notice of the proceedings, was represented by counsel, was assisted by an interpreter, was permitted to submit evidence and argument, was afforded an opportunity to rebut the Government's position, and received an individualized determination based upon the record before the Immigration Judge.  (ECF No. 4-1.)  Any further challenge to the merits of the bond determination must be presented through the administrative review process before the Board of Immigration Appeals.

Accordingly, **IT IS** on this 8th day of May, 2026,

**ORDERED** that the Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**; and it is further

**ORDERED** that Petitioner's request for immediate release or a new bond hearing is **DENIED**.

*/s/ Jamel K. Semper*
**Hon. Jamel K. Semper**
**United States District Judge**

2