NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

AMRO SEHAIM,

        *Petitioner*,

    v.

LUIS SOTO, *et al.*,

        *Respondents*.

Civil Action No. 26-cv-02829

**OPINION**

May 22, 2026

---

**THIS MATTER** comes before the Court upon Petitioner Amro Sehaim's request for immediate release from immigration detention based upon his alleged worsening medical condition and asserted inability of Respondents to provide constitutionally adequate medical care during detention.  (ECF Nos. 8, 10, 11, 12, 13.)  For the reasons set forth below, Petitioner's request for immediate release is **DENIED** without prejudice.

**I.     BACKGROUND**

Petitioner is presently detained by Immigration and Customs Enforcement ("ICE") at Delaney Hall Detention Facility in Newark, New Jersey.  Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the constitutional adequacy of his immigration detention proceedings.  (ECF No. 1.)  By Memorandum Opinion and Order entered May 8, 2026, this Court denied the Petition insofar as Petitioner challenged the fairness of his February 10, 2026 bond hearing.  (ECF No. 9.)

Separately, Petitioner filed an emergency motion seeking immediate release based upon alleged deficiencies in medical care relating to recurrent gastrointestinal disease, diverticular

1

disease, abdominal pain, weight loss, and related complications.  (ECF No. 8.)  On May 8, 2026, the Court denied the request for immediate release without prejudice and directed Respondents to submit information concerning Petitioner's medical condition, treatment, outside referrals, hospitalization history, and fitness for travel.  (ECF No. 10.)

On May 15, 2026, Respondents submitted a response supported by an ICE Health Services Corps ("IHSC") declaration and medical records filed under seal.  (ECF Nos. 11, 12.)  Respondents contend that Petitioner's condition is being appropriately managed within detention, that Petitioner receives medications and specialist referrals, and that Delaney Hall is capable of adequately managing his care.  (ECF No. 11.)  Respondents further argue that claims concerning inadequate medical care generally are not cognizable under § 2241.  (*Id*.)

On May 18, 2026, Petitioner submitted a supplemental reply disputing the adequacy and completeness of Respondents' submission.  (ECF No. 13.)  Petitioner asserts, among other things, that: (1) Respondents omitted a December 2025 hospitalization from their account; (2) medication regimens were implemented only after litigation commenced; (3) Petitioner suffers from additional abnormal findings involving hepatic and splenic abnormalities; (4) outside physicians have recommended surgical evaluation; and (5) Petitioner is medically unfit for commercial air travel. (*Id*.)

## II.   **LEGAL STANDARD**

Federal habeas relief under 28 U.S.C. § 2241 traditionally extends to challenges affecting the "fact or duration" of confinement rather than ordinary conditions-of-confinement claims. *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (distinguishing challenges to confinement itself from claims concerning conditions of confinement); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (explaining that constitutional claims concerning prison conditions generally fall

2

outside "the core of habeas corpus").

The Third Circuit has repeatedly reaffirmed that ordinary inadequate-medical-care claims are generally not cognizable under § 2241. *See Folk v. Warden Schuylkill FCI*, 2023 WL 5426740, at *1–2 (3d Cir. Aug. 23, 2023) (*per curiam*) (holding claims concerning lack of adequate medical care were non-cognizable under § 2241).

At the same time, the Third Circuit has recognized a narrow exception in extraordinary circumstances where release from custody is allegedly the only effective remedy for unconstitutional detention conditions. *See Hope v. Warden York County Prison*, 972 F.3d 310, 324–25 (3d Cir. 2020) (recognizing limited habeas jurisdiction in "extreme cases" where release was allegedly the sole adequate remedy during the COVID-19 pandemic, while cautioning the court was "not creating a garden variety cause of action"); *see also id*. at 325 n.5 (questioning whether similar jurisdiction would exist outside extraordinary circumstances).

Accordingly, even assuming arguendo that Petitioner's claims fall within the narrow framework contemplated in *Hope*, Petitioner still bears the burden of demonstrating extraordinary circumstances warranting release from custody.

### III.    DISCUSSION

The Court does not minimize the seriousness of Petitioner's allegations.  The record reflects that Petitioner suffers from chronic gastrointestinal disease and has undergone multiple outside evaluations, diagnostic imaging, medication regimens, and specialist referrals. (ECF Nos. 11, 12, 13.)  Petitioner has additionally submitted physician letters expressing concern regarding recurrent diverticular disease, possible future surgical intervention, and air travel. (ECF No. 13, Exs. 1–7.)

Nevertheless, the present record does not establish that immediate release is warranted

under the extraordinarily narrow standard articulated in *Hope*.

Most significantly, the record demonstrates that Petitioner has been receiving ongoing medical attention while detained.  Respondents submitted medical records documenting outside emergency-room treatment, diagnostic imaging, medications, referrals for gastroenterology follow-up, and continuing monitoring by medical staff.  (ECF Nos. 11, 12.)  Petitioner's own submissions further confirm that outside appointments have occurred and that additional outside appointments remain scheduled.  (ECF No. 13 at 4–5.)

The Court further notes that the medical records submitted by Respondents reflect instances in which Petitioner declined or refused portions of his prescribed medication regimen. (ECF No. 12-1.)  Although Petitioner disputes the significance and accuracy of certain refusal notations, the existence of such records further complicates any conclusion that Respondents have wholly failed to provide treatment or have acted with deliberate indifference toward Petitioner's medical needs.

This is not a case in which Respondents have wholly failed to provide treatment or ignored Petitioner's medical condition altogether.  Rather, the present dispute concerns the adequacy, timing, coordination, and completeness of the treatment being provided.  Such disputes, standing alone, generally do not establish deliberate indifference sufficient to warrant extraordinary habeas relief.  *See Hope*, 972 F.3d at 329 (explaining deliberate indifference requires more than negligence and requires proof that officials "knew of and disregarded an excessive risk" to detainee health).

To be sure, Petitioner identifies several legitimate concerns regarding Respondents' submission.  The Court notes in particular that Petitioner has identified evidence suggesting a December 2025 hospitalization not expressly addressed in Respondents' summary response.  (ECF No. 13 at 4.)  The Court further notes Petitioner's contention that portions of his medication

4

regimen were initiated only after this litigation intensified, as well as competing medical opinions concerning his fitness for commercial air travel. (*Id*. at 6.) Those issues warrant continued attention and oversight.

However, the present record still falls short of establishing that release from detention is the only effective remedy available. *See Hope*, 972 F.3d at 324–25 (limiting habeas intervention to "extreme cases" where release constitutes the only adequate remedy). Neither of Petitioner's outside physicians states that Petitioner presently requires emergent surgery, immediate hospitalization, or immediate release from custody. Rather, the physician submissions principally recommend continued specialty evaluation, future surgical planning, dietary accommodations, and avoidance of commercial air travel during active disease progression. (ECF No. 13 at 14–15.)

The Court is additionally mindful that Petitioner remains in civil immigration detention rather than punitive criminal confinement. Although civil detainees are entitled to constitutionally adequate medical care, the Court must exercise caution before expanding habeas jurisdiction beyond the narrow circumstances presently recognized by the Third Circuit. *See Folk*, 2023 WL 5426740, at *1–2; *Leamer*, 288 F.3d at 540.

Accordingly, while the present record justifies continued judicial monitoring and certain limited protective relief, it does not presently justify the extraordinary remedy of immediate release.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's request for immediate release is **DENIED** without prejudice. An appropriate Order accompanies this Opinion.

.

5

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**